

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed November 7, 2007      United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DISTRICT

| | | |
|---|---|---|
| IN RE: | § § § | |
| ROBERT ALLEN, | § § | CASE NO. 07-43605-DML-7 |
| Debtor. | § § § | |

### MEMORANDUM OPINION

The above-styled case was commenced on August 23, 2007 by the filing of an involuntary chapter 7 petition under section 303 of the Bankruptcy Code (the "Code").[1] The court has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). This memorandum opinion embodies the court's findings of fact and conclusions of law. FED. R. BANKR. P. 7052 and 9014.

On September 20, 2007, Robert Allen ("Allen"), the alleged debtor, filed his Response of Alleged Debtor to Involuntary Petition Under Chapter 7 and Motion to Dismiss (the "Motion"). The court heard Allen's and the petitioning creditors' arguments on October 4, 2007.

---

[1] *See* 11 U.S.C. §§ 101, *et seq.* (2007).

In support of the Motion, Allen argues that he does not meet the qualifications for a "debtor" under the Code due to his failure to obtain credit counseling, as required by section 109(h)(1). The petitioning creditors, however, contend that the credit-counseling requirement applies solely to debtors who seek bankruptcy relief voluntarily. Thus, the issue in this case is whether an individual, who is the subject of an involuntary petition, must comply with section 109(h)(1)'s credit-counseling requirement to qualify for entry of an order for relief under chapter 7 of the Code.

To answer this question, the court turns to the rules of statutory construction as promulgated by the U.S. Supreme Court. When interpreting a statute, the court should presume that Congress intended the plain meaning of the words used. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004). If the statute's language is plain, the sole function of the court is to apply the statute according to its terms, unless doing so would lead to an absurd result. *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989). In determining the meaning of a provision of the Code, legislative history and policy considerations may prove useful. *Lamie*, 540 U.S. at 539.

Section 109(h)(1) requires, as a condition of eligibility for relief, that an individual receive a briefing from an approved credit-counseling agency 180 days before filing a petition under chapter 7, 11, 12 or 13. *See* 2 COLLIER ON BANKRUPTCY ¶ 109.01[1] (15th ed. rev. 2007). Specifically, section 109(h)(1) states that "an individual may not be a debtor under [the Code] unless such individual has, during the 180-day period preceding the date of filing of the petition *by such individual*, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing . . . ." 11 U.S.C. § 109(h)(1) (emphasis added). Notably, the threshold requirement for obtaining bankruptcy relief

established by section 109(h)(1) appears to be mandatory (*i.e.*, "an individual may not be a debtor *unless. . . .*"). *Id*. (emphasis added).[2]

Based on the plain meaning of section 109(h)(1), the court holds that the credit-counseling requirement pertains only to an individual who is the subject of a voluntary bankruptcy case. The statutory language of section 109(h)(1) requires that the credit counseling occur before "the filing of the petition *by such individual*." § 109(h)(1) (emphasis added). As a result, the proper construction of the statute is that the credit-counseling requirement applies only when the debtor is the party filing the bankruptcy petition.

While the court recognizes that section 303(a) requires that a person who is the subject of an involuntary case qualify as a debtor, interpreting this provision as requiring that an involuntary debtor comply with section 109(h)(1) would lead to an absurd result. Construing section 303(a) as requiring that an involuntary debtor comply with section 109(h)(1) would defy logic because there is no means for petitioning creditors to force a prospective debtor to attend credit counseling. Interpreting section 303(a) as Allen suggests would effectively eliminate involuntary bankruptcy as a remedy creditors may use vis-à-vis an individual debtor. Absent a clear indication that this was the intent of Congress,[3] the court will not adopt such a construction of the statute.

Other courts addressing the issue have come to the same conclusion as that reached here. *See In re Oberle*, No. 06-41515, 2006 WL 3949174, at *1 (Bankr. N.D. Cal. Dec. 21, 2006)

---

[2] The Code does permit waiver of the requirement or deferral of compliance until after filing in some circumstances. *See* 11 U.S.C. § 109(h)(2) and (3). These circumstances do not exist and have not been argued in the case at bar, and the court, therefore, need not decide the extent of its discretion to permit, *inter alia*, post-petition compliance with section 109(h)(1).

[3] Under the Bankruptcy Act of 1898, many individuals were not subject to involuntary petitions ("Any natural person, except a wage earner or farmer . . . may be adjudged an involuntary bankrupt . . . ." Bankruptcy Act of 1898, § 4b, 11 U.S.C. § 22b (repealed 1978). Thus, Congress knew how to exclude individual debtors from the involuntary bankruptcy remedy. That it did not do so in present section 303(a) supports the court's conclusion that the correct reading of section 109(h)(1) limits it to voluntary cases.

(holding section 109(h)(1) does not apply to involuntary debtors and "[t]o hold otherwise would totally obliterate the provisions . . . [concerning] involuntary bankruptcy relief against individual debtors"); *In re Sadler*, No. 06-10091, slip op. at 2 (Bankr. W.D. Tex. Oct. 18, 2006) (reciting its earlier conclusion that "the plain meaning of 'by such individual' meant section 109(h) only applied in situations where the debtor files the bankruptcy petition").

This analysis is also consistent with Congress's reason for adding section 109(h)(1) to the Code. Congress "intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy—such as the potentially devastating effect it can have on their credit rating—before they file for bankruptcy relief." H.R. REP. NO. 109-31, at 18 (2005).

The court therefore holds that section 109(h)(1)'s credit-counseling requirement does not prevent Allen from qualifying as a "debtor" under section 303(a) of the Code. Allen did not file the bankruptcy petition. Rather, certain of his creditors filed the bankruptcy petition, which commenced an involuntary case against him. Because Allen's case is an involuntary case, section 109(h)(1)'s eligibility provision does not apply. The Motion is therefore DENIED.

###END OF ORDER###